IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN DEAN NOOR,

    Petitioner,               No. 2:08-cv-1656-WBS-JFM (HC)

  vs.

M. MARTELL, Warden (A),

    Respondent.           FINDINGS AND RECOMMENDATIONS

                            /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2006 prison disciplinary conviction for inappropriate conduct in the visiting room. Pursuant to the disciplinary conviction, petitioner suffered a thirty day loss of behavior credits and was placed on no-visit status for ninety days from July 23, 2006 to October 22, 2006. Ex. A to Respondent's Motion to Dismiss, filed September 15, 2008. This matter is before the court on respondent's motion to dismiss this action as moot and because the disciplinary does not affect the fact or duration of petitioner's confinement. Petitioner opposes the motion.

        Petitioner is serving a sentence of life in prison with the possibility of parole. Ex. B to Motion to Dismiss, filed September 16, 2008. Petitioner was committed to state prison in

/////

1980 and has been eligible for parole since 1993. Id. Petitioner has been denied parole six times. Id. The last denial was in October 2005, at which time parole was denied for four years. Id.

Respondent contends that this action "is moot because the ninety day suspension of visitation has long since expired" and "the presumption of collateral consequences does not apply to prison disciplinary proceedings." Motion to Dismiss, filed September 15,2 008, at 2, 3. Respondent also contends that the court lacks habeas corpus jurisdiction because the challenged disciplinary and attendant thirty day credit loss has no impact on the fact or duration of petitioner's confinement. Specifically, respondent contends that the potential effect of the challenged disciplinary on petitioner's eligibility for parole is too speculative to support habeas corpus jurisdiction and restoration of the lost credits would not affect his parole eligibility.

In Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1969), the United States Court of Appeals held that "'[h]abeas corpus jurisdiction . . . exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is *likely to accelerate* the prisoner's eligibility for parole.'" Bostic, 884 F.2d at 1269 (quoted in Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004). In Docken, the court of appeals interpreted "*Bostic's* use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the *Preiser* Court."[1] Docken, at 1031. From that interpretation, the court held that relief is available under the federal habeas corpus statute to inmates "challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement." Id.

"Serious misconduct in prison or jail" is one of the factors that the California Board of Parole Hearings (BPH) considers when deciding whether to grant a parole date to an inmate who is eligible for parole. See 15 Cal. Code. Regs. § 2402(c)(6). The presence of a

---

[1] In Preiser v. Rodriguez, 411 U.S. 475 (1973), the United States Supreme Court defined "suits 'challenging the fact or duration of . . . physical confinement' and seeking 'immediate release or speedier release from that confinement' as the 'heart of habeas corpus'." Docken, at 1027 (quoting Preiser, at 498).

2

prison disciplinary conviction can, therefore, diminish the chance that an inmate will be granted a parole date.[2]

For the foregoing reasons, this court finds that the presence of the challenged disciplinary conviction on petitioner's prison record has a sufficient nexus to the length of petitioner's confinement to support habeas corpus jurisdiction.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 15, 2008 motion to dismiss be denied; and

2. Respondent be directed to file an answer within thirty days from the date of any order by the district court adopting these findings and recommendations; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondent's answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

/////

/////

---

[2] This court has reviewed numerous transcripts from parole hearings at which California prison inmates have been denied parole due at least in part to the presence of one or more prison disciplinary convictions and where inmates have been advised by BPH panels to become or remain disciplinary free pending their next parole hearing.

[3] The court need not make any findings as to whether restoration of the thirty days of lost credits would affect the length of petitioner's confinement. The court does note, however, that the law is clear that challenges to prison disciplinary convictions in which inmates have lost credits must be raised, if at all, in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. See Edwards v. Balisok, 520 U.S. 641 (1997).

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 29, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
noor1656.mtd