1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARVIN DEAN NOOR,

11           Petitioner,                    No. 2:08-cv-1656-WBS-JFM (HC)

12       vs.

13   M. MARTELL, Warden (A),

14           Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a 2006 prison disciplinary

18   conviction for inappropriate conduct in the visiting room pursuant to which he suffered a thirty

19   day loss of behavior credits and was placed on no-visit status for ninety days from July 23, 2006

20   to October 22, 2006.  Petitioner raises three claims in his application.  First, he contends that

21   prison officials improperly classified the disciplinary as a serious offense, contrary to applicable

22   rules and regulations.  Second, petitioner contends that the conviction for a "serious" rules

23   violation is not supported by "some evidence."  Petition for Writ of Habeas Corpus, filed July 18,

24   2008, at 4.  Finally, petitioner contends that respondent improperly withheld exculpatory

25   evidence, namely, a twenty-three minute DVD recording; petitioner contends that he was given a

26   redacted copy of the video recording, that the senior hearing officer "viewed substantially more

                                            1

1   of the video recording" than was provided to petitioner to prepare his defense, and that the only

2   "reasonable inference" that can be drawn from the failure to provide petitioner with the full

3   recording is that the unredacted portion contains exculpatory evidence.  Id. at 5.

4                                                FACTS[1]

5           In 1980, petitioner plead guilty to first-degree murder and was
        sentenced to life imprisonment with the possibility of parole.
6       (Habeas Pet. ¶ 4.)  Petitioner has been eligible for parole since
        1993 but has been denied parole six times, including the most
7       recent denial in October 2005.  (Resp't's Mem. Ex. B.)  In July
        2006, petitioner was charged with the rules violation of
8       "Inappropriate Conduct in the Visiting Room" based on his alleged
        "excessive contact" with his wife during a supervised visit.  (Id.
9       Ex. A at 3-4.)  Although petitioner denied the charges, he was
        found guilty and, as a consequence, was placed on "no-visit" status
10      for ninety days and assessed thirty days "loss of behavioral credit."
        (Id.)  After exhausting his administrative and state judicial
11      remedies, petitioner filed this habeas action, seeking to expunge
        the 2006 prison disciplinary action and findings from his record.
12      (Habeas Pet. ¶¶ 10-13.)

13  Order filed July 2, 2009, at 1-2.

14                                              ANALYSIS

15  I.  Standards for a Writ of Habeas Corpus

16          Federal habeas corpus relief is not available for any claim decided on the merits in

17  state court proceedings unless the state court's adjudication of the claim:

18          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established Federal law, as
19          determined by the Supreme Court of the United States; or

20          (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the
21          State court proceeding.

22  28 U.S.C. § 2254(d).

23          Under section 2254(d)(1), a state court decision is "contrary to" clearly

24  established United States Supreme Court precedents if it applies a rule that contradicts the

25  

26      [1]  The are taken from the July 2, 2009 Order of the district court denying respondent's
    motion to dismiss.

1   governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

2   indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

3   result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

4   (2000)).

5            Under the  "unreasonable application" clause of section 2254(d)(1), a federal

6   habeas court may grant the writ if the state court identifies the correct governing legal principle

7   from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

8   prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

9   simply because that court concludes in its independent judgment that the relevant state-court

10   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

11   application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

12   (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its

13   independent review of the legal question, is left with a 'firm conviction' that the state court was

14   'erroneous.'")

15            The court looks to the last reasoned state court decision as the basis for the state

16   court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court

17   reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

18   habeas court independently reviews the record to determine whether habeas corpus relief is

19   available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

20   II.  Petitioner's Claims

21            As noted above, petitioner raises three challenges to the disciplinary conviction.

22   First, he contends that prison officials improperly classified the rules violation report at issue as a

23   "serious" violation, in contravention of controlling rules and regulations.  Petitioner contends that

24   "nowhere" in the rules violation report was it alleged that petitioner's actions "'breached' or were

25   a 'hazard to' facility security," a necessary prerequisite to classification of a rules violation as

26   serious, and that respondent didn't make these allegations until more than a year after the

1   disciplinary proceedings had concluded.  Second, he contends that he was not provided with a

2   complete video tape recording of the alleged incident that led to the disciplinary proceedings, but

3   only with a redacted version, and that the evidence he was provided prior to the hearing is

4   insufficient to support the conviction.  Finally, petitioner contends that the senior hearing officer

5   "viewed substantially more of the video recording" than was provided to petitioner to prepare his

6   defense, that the unredacted portion was improperly withheld from him, and that the only

7   "reasonable inference" that can be drawn from the failure to provide petitioner with the full

8   recording is that the unredacted portion contains exculpatory evidence.  Petition at 5.

9           The last reasoned state court rejection of petitioner's claim is the March 5, 2008

10  order of the Amador County Superior Court denying petitioner's petition for a writ of habeas

11  corpus.  The state court found "some evidence" to support both the finding that petitioner was

12  guilty of the rules violation and the classification of the offense as serious, as follows:

13          California Code of Regulations, title 15, section 3175 provides,
            in pertinent part:

14
            (a) Inmates and visitors shall comply with all laws, regulations, and
15          institution/facility procedures.  Any violation may result in denial,
            termination, suspension, or revocation, of visiting as described in
16          section 3176...(e) At the beginning and end of each visit, inmates
            and their visitors may briefly embrace and/or kiss....(g) Except as
17          provided in this section, no other bodily contact shall be permitted.

18          The respondent produced a videotape of the incident in
            question.  The videotape depicts the petitioner and his wife in a
19          visiting area.  They are seated knee to knee.  On the videotape,
            Petitioner fondled and kissed his wife's left breast area; fondled his
20          wife's breasts with his left hand with her hair somewhat blocking
            the view; touched his wife's breast area with his left index finger;
21          kissed his wife's chest between her breasts; and fondled his wife's
            breasts with his left hand while kissing her breast area.  The
22          videotape also depicts the petitioner and his wife engaged in
            prolonged kissing.

23
            The conduct depicted in the videotape constitutes "some
24          evidence" to support the hearing officer's adjudication of guilty for
            violation of California Code of Regulations, title 15, section 3175.
25          The petitioner and his wife engaged in "excessive contact" within
            the meaning of said regulation.

26  /////

4

1 　　　　　California Code of Regulations, title 15, section 3315 provides,
2 　　　　in pertinent part:

3 　　　　(a) Inmate misconduct reported on a CDC Form 115 shall be
　　　　classified as serious if: (2) It involves any one or more of the
　　　　following circumstances: (B) A breach of or hazard to facility
4 　　　　security....(3) Section rules violations include but are not limited
　　　　to:....(N) Mail or visiting room violations presenting a threat as
5 　　　　described in (2) above.

6 　　　　　In this instance, the excessive conduct constituted a threat of
　　　　breach of or hazard to facility security, as the conduct could have
7 　　　　resulted in the passing of contraband between the parties.
　　　　Therefore, the violation was appropriately classified as serious,
8 　　　　pursuant to California Code of Regulations, title 15, section 3315.

9 Ex. B to Answer to Petition for Writ of Habeas Corpus, filed September 28, 2009, In re: Marvin

10 Noor, No. 07HC0867 (Mar 5, 2008), slip op. at 2-3.

11 　　　　　As noted above, petitioner raises three claims in his petition:  he contends that

12 prison officials improperly classified the disciplinary as a serious offense, contrary to applicable

13 rules and regulations; that the conviction for a "serious" rules violation is not supported by "some

14 evidence"; and that respondent improperly withheld exculpatory evidence, namely, a twenty-

15 three minute DVD recording.

16 　　　　　Habeas corpus is unavailable for alleged error in the interpretation or application

17 of state law.  Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir.

18 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  To the extent that petitioner

19 claims that the disciplinary was improperly classified as a serious offense under applicable state

20 regulations it is based solely on an interpretation of state law and is not cognizable in this

21 proceeding.

22 　　　　　The United States Supreme Court has held that "[w]here a prison disciplinary

23 hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance

24 written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present

25 documentary evidence in his defense; and (3) a written statement by the factfinder of the

26 evidence relied on and the reasons for the disciplinary action." Superintendent, Mass.

1  Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539,

2  563-67 (1974)).  In addition, the decision must be supported by "some evidence."

3  Superintendent v. Hill, id.

4          After review of the record herein, including the video recording of the visit

5  between petitioner and his wife that led to the charges, the court finds that the state court's

6  determination that there was some evidence to support the disciplinary conviction for excessive

7  contact, and the finding that the offense was a serious violation within the meaning of applicable

8  regulations, is fully supported by the record and that the state court's rejection of petitioner's

9  federal due process claim was based on a reasonable determination of the facts.  Accordingly,

10  petitioner's second claim should be denied.

11          Finally, petitioner's claim that his constitutional rights were violated by

12  production to him of only a redacted portion of the videotape should be denied.  Petitioner's

13  assertion that the unredacted portion of the tape must contain exculpatory evidence is entirely

14  unfounded.  This court has reviewed approximately thirteen minutes of the video recording of

15  petitioner's visit with his wife[2] and finds that there is no exculpatory evidence in the recording.

16  The court need not decide whether petitioner should have been provided with a complete copy of

17  the recording because any alleged error is manifestly harmless.

18          For all of the foregoing reasons, petitioner's application for a writ of habeas

19  corpus should be denied.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the

20  United States District Courts, "[t]he district court must issue or a deny a certificate of

21  appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. §

22  2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

23  made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

24

25     [2]  The video shows petitioner and his wife sitting on an outside patio area.  They are
shown on the recording from approximately 13:55 to 14:08, after which the video recording
moves from the patio area to an inside room in the prison and petitioner and his wife are no
26  longer part of the recording.

1  court must either issue a certificate of appealability indicating which issues satisfy the required

2  showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

3  For the reasons set forth in these findings and recommendations, petitioner has not made a

4  substantial showing of the denial of a constitutional right.  Accordingly, no certificate of

5  appealability should issue.

6           In accordance with the above, IT IS HEREBY RECOMMENDED that:

7                1.  Petitioner's application for a writ of habeas corpus be denied; and

8                2.  The district court decline to issue a certificate of appealability.

9           These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: May 27, 2010.

18

19                          UNITED STATES MAGISTRATE JUDGE

20

21      12
        noor1656.157
22

23

24

25

26

                                    7